<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADP COMMERCIAL LEASING, LLC and ADP, INC. DEALER SERVICES GROUP,** <br><br> Plaintiffs, <br><br> v. <br><br> **PREFERRED AUTO GROUP, LLC d/b/a LUXURY CARS OF CHARLESTON,** <br><br> Defendant. | 05-CV-392 (WJM) <br><br> **OPINION** |

Keith Harris
Braff, Harris &  Sukoneck
570 W. Mt. Pleasant Avenue
P.O. Box 657
Livingston, NJ 07039

*Attorney for Plaintiff ADP Commercial Leasing, LLC*


Lisa A. Buckalew
Kaplin Stewart Meloff Reiter & Stein, P.C.
25 Chestnut Street, Suite 102
Haddonfield, NJ 08033

Justin S. Kahn
Kahn Law Firm
P.O. Box 31397
562 Savannah Highway
Charleston, SC 29417

*Attorneys for Defendant*

**MARTINI, U.S.D.J.:**

This matter comes before the Court on plaintiff ADP Commercial Leasing, LLC's appeal of Magistrate Judge Ronald J. Hedges' Order dated May 31, 2005 granting a motion to transfer pursuant to 28 U.S.C. § 1404(a) (1988). For the reasons set forth below, plaintiff's appeal is **DENIED**, and the Order is **AFFIRMED**.

## BACKGROUND

On January 21, 2005, ADP, Inc. Dealer Services Group ("ADP, Inc.") and ADP Commercial Leasing, LLC ("ADP Commercial Leasing") jointly filed a Complaint in the United States District Court for the District of New Jersey on diversity grounds alleging defendant, a South Carolina resident, breached separate contracts with each plaintiff. The written agreement between defendant and ADP, Inc., dated on or about October 31, 2003, concerned the leasing of computer equipment. The written agreement between defendant and ADP Commercial Leasing, dated on or about February 11, 2004, concerned the servicing/financing of that lease, and contained a forum-selection clause that stated the defendant consented to personal jurisdiction in any court in the State of New Jersey for actions that concerned the agreement. Both agreements were negotiated and signed in South Carolina, and no events surrounding the controversy occurred in New Jersey prior to the filing of the Complaint.

In bringing a joint action, plaintiffs maintained that New Jersey was a proper venue to litigate both agreements. Plaintiffs argued that "doing it piecemeal doesn't make sense in this instance, given [that] those two agreements go hand in hand." (5/9/05 Transcript ("Tr.") at 7:17-18); "[the written agreements] both arise out of the same series of events and dealings" (*id.* at

11:14-15); and "both agreements pertain to the same essential transaction" (Pls.' 5/19/05 Supp. Br. at 12).

By Order dated May 31, 2005 Magistrate Judge Hedges transferred the entire case or controversy between ADP, Inc. and defendant to South Carolina. Plaintiff does not object to this portion of the Order. (*See* Pl.'s Br. at 3). However, plaintiff does object to that portion of the Order that transfers the controversy between it and defendant to South Carolina. Plaintiff alleges that the Magistrate Judge erred by not giving the forum-selection clause controlling weight in determining proper venue for its dispute with defendant.

## STANDARD OF REVIEW

A district court may reverse a Magistrate Judge's order if it finds the ruling clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). According to the Supreme Court, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## ANALYSIS

Plaintiff raises two arguments on appeal: (1) the Magistrate Judge erred because a valid and enforceable forum-selection clause overcomes any argument concerning transfer under §

1404(a); and (2) even if the forum-selection clause is not dispositive, the Magistrate Judge erred in finding § 1404(a) factors favored transfer to South Carolina. (Pl.'s Reply Br. at 8).

The defendant replies that the forum-selection clause is not controlling because the clause does not mandate that venue be in New Jersey, and § 1404(a) factors weigh in favor of keeping both disputes together by transferring both to South Carolina. Because the Magistrate Judge did not err in transferring the dispute surrounding the February 11, 2004 contract to South Carolina, his Order shall be affirmed.

The central issue in this case is whether a motion to transfer pursuant to § 1404(a) must be denied as a matter of law in the face of a forum-selection clause identifying a permissible venue. The Supreme Court answered this question in *Stewart v. Ricoh Corp.*, holding that "federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause . . . ." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988). The Court noted that "[t]he forum-selection clause . . . should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in § 1404(a)." *Id.* at 31. Accordingly, this Court must review the factors considered under § 1404(a) to determine whether the transfer of this case or controversy was appropriate.

Section 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice.

4

*See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  In *Jumara*, the Third Circuit further refined the first two factors to accommodate both public and private interests:

> Private interests include: (1) the "plaintiff's forum preference," (2) "the defendant's preference," (3) "whether the claim arose elsewhere," (4) "the convenience of the parties as indicated by their relative physical and financial condition," (5) "the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)."

*Park Inn Int'l, LLC v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 377 (D.N.J. 2000) (quoting *Jumara*, 55 F.3d at 879).

> Public interests include: (1) "the enforceability of the judgment," (2) "practical considerations that could make the trial easy, expeditious, or inexpensive," (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) "the local interest in deciding local controversies at home," (5) "the public policies of the fora," and (6) "the familiarity of the trial judge with the applicable state law in diversity cases."

*Id.* (quoting *Jumara*, 55 F.3d at 879-80).

"Interests of justice," the third factor, encompasses judicial economy and the "the practical problems indicating where the case can be tried more expeditiously and inexpensively." *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 130-31 (E.D.N.Y. 2004) (internal citations omitted).

Given the § 1404(a) factors, this Court finds that the Magistrate Judge, in the interests of justice and fairness, correctly transferred the related case or controversy between ADP Commercial Leasing and defendant to South Carolina.  While the presence of a forum-selection clause is one factor to be considered in weighing a motion to transfer, contrary to plaintiff's position on appeal, it is not dispositive and other factors may override its enforcement.  *See*

5

*Ricoh*, 487 U.S. at 31. In the instant case, as plaintiff stated, both contracts "pertain to the same essential transaction" and "arise out of the same series of events and dealings." Moreover, ADP, Inc.'s case or controversy has, without objection, been transferred to South Carolina. In this situation, the decision to transfer a related case is appropriate, and soundly within the discretion granted under § 1404(a). *See Continental Grain Co. v Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."); *Prudential Ins. Co. of Am. v. Rodano*, 493 F. Supp. 954, 955 (E.D. Pa. 1980) ("The presence of . . . related cases in the transferee forum is a substantial reason to grant a change of venue. The interests of justice and the convenience of the parties and witnesses are ill-served when federal cases arising out of the same circumstances and dealing with the same issues are allowed to proceed separately."). Transferring this related action will benefit all parties because

> the two actions could be consolidated before one judge thereby promoting judicial efficiency, pretrial discovery could be conducted in a more orderly manner, witnesses could be saved the time and expense of appearing at trial in more than one court, duplicative litigation involving the filing of records in both courts could be avoided eliminating unnecessary expense[,] and the possibility of inconsistent results can be avoided.

*Pall Corp. v. Bentley Labs., Inc.*, 523 F. Supp. 450, 453 (D. Del. 1981).

Moreover, the Magistrate Judge's decision is buttressed by the fact that the forum-selection clause under review is permissive, not mandatory.[1] A permissive clause is one where a

---

[1] Even were the clause mandatory, it would not be dispositive. *See Ricoh*, 487 U.S. at 32. In *Ricoh*, the Supreme Court reversed a district court decision that found a mandatory forum-selection clause to be dispositive, and remanded with instructions that the clause be considered as only one of the factors considered under a § 1404(a) analysis. *Id.* at 28, 32.

party "waive[s] its right to assert a lack of personal jurisdiction" in a particular venue. *E'Cal Corp. v. Office Max Inc.*, No. 01-3281, 2001 U.S. Dist. LEXIS 15868, at *6 (E.D. Pa. Sept. 10, 2001). A mandatory or exclusive clause, however, requires that any claims arising out of the contract be brought in a particular venue. *Id.* Where the forum-selection clause is permissive, courts accord the clause less weight. *See Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036-37 (9th Cir. 1995); *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127-28 (5th Cir. 1994); *Blanco v. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 979-80 (2d Cir. 1993).

Here, the clause in question reads:

> Lessee hereby consents to the jurisdiction of any federal or state court located in the State of New Jersey for all actions arising out of this Lease and designates the County of Morris or the U.S. District Court, District of New Jersey, Newark, New Jersey as a proper venue for any such action against the Lessee and the exclusive forum for any action against the Lessor.

(2/11/04 Master Equipment Lease Agreement ¶ 25). This clause is permissive because it does not require that all actions arising out of the agreement be brought in a New Jersey court. By its terms, defendant is required to bring an action in New Jersey court, whereas plaintiff is permitted to bring an action in the forum of its choice. The fact that defendant waived its right to contest personal jurisdiction in a New Jersey court does not alter the permissive nature of the clause.

The record reveals that Judge Hedges gave the clause "substantial" weight. The record indicates that, but for the related suit transferred to South Carolina, the Magistrate Judge would likely have enforced the clause. (*See, e.g.*, Tr. at 10:19-21; 13:11-16; 17:16-20). The "interests of justice" factors, however, favored granting defendant's motion to transfer.

Plaintiff takes issue with Judge Hedges § 1404(a) analysis, arguing that New Jersey is the proper forum for the dispute because New Jersey law governs the case or controversy.  (*See* Pl.'s Br. at 6).  Although the law that governs the controversy is one of the public factors to be considered in deciding a motion to transfer, the Magistrate Judge did not err in giving greater weight to the "interests of justice" factors.  There is no evidence that South Carolina and New Jersey differ significantly with respect to the applicable state law surrounding this case or controversy.  Moreover, there is no evidence that a court in South Carolina could not adequately research any relevant differences that may exist.  Accordingly, because a forum-selection clause does not dispose of a motion to transfer, and because the Court is not left with the definite and firm conviction that Judge Hedges gave the factors under § 1404(a) inappropriate weight, this Court concludes that Judge Hedges did not err in transferring this matter to South Carolina..

## CONCLUSION

For the foregoing reasons, plaintiff's appeal is denied, and the May 31, 2005 Order is affirmed.

Dated:  August 16th, 2005                              s/ William J. Martini                    
                                                                  **William J. Martini, U.S.D.J.**